UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     DWIGHT H, COLLINS | ) | Case No. 04-10582-SSM |
| | ) | Chapter 7 |
|                 Debtor | ) | |
| | ) | |
| DWIGHT H. COLLINS | ) | |
| | ) | |
|                 Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 08-1470 |
| | ) | |
| INTERNAL REVENUE SERVICE | ) | |
| | ) | |
|                 Defendant | ) | |

**MEMORANDUM OPINION**

Before the court is the motion of the Internal Revenue Service ("IRS") for summary judgment determining that the debtor's 1996 and 1997 federal individual income tax liabilities were not discharged by a discharge granted the debtor in a chapter 7 case he filed in 2004. The IRS has conceded that the debtor's 1995 tax liabilities—the enforcement of which precipitated this litigation—have been discharged. A hearing was held on March 3, 2009, at which the debtor appeared in person and represented himself, and the IRS appeared by counsel. The court ruled from the bench that the motion for summary judgment would be granted and advised the parties that a written opinion would be issued explaining more fully the reasons for the court's decision.

1

Background

The facts are not disputed and may be briefly stated as follows. Dwight H. Collins ("the debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court on February 12, 2004, and received a discharge on May 25, 2004. Among the debts listed on his schedules were tax liabilities owed to the IRS for a number of years. The IRS filed a proof of claim asserting—in addition to general unsecured claims for tax years 1987, 1992, 1993, and 1994—priority claims in the amount of $15,098.25 for tax years 1995, 1996, and 1997. The trustee was able to generate only a very modest sum from the liquidation of the debtor's non-exempt assets, and the IRS received a distribution of approximately $1,317.18 on account of its priority tax claim[1] and nothing on account of its general unsecured claim. All of the funds the IRS received were applied to the 1995 tax liability. Following the debtor's discharge, the IRS recorded a notice of federal tax lien on September 15, 2006, with respect to the 1995, 1996 and 1997 taxes.

The debtor had filed two prior bankruptcy cases, both in the District of Maryland. The first, a chapter 7 case, was filed on November 14, 1997, and resulted in the debtor receiving a discharge on February 20, 1998. The second, a chapter 13 case, was filed on March 19, 1998. Although a plan was confirmed, the debtor was unable to make the required payments after he lost his job, and the case was dismissed on July 16, 2001.

---

[1] This is the amount shown on the trustee's final report and account. However, the amount shown on the tax transcript as having been received from the trustee is $1,328. The slight increase presumably represents additional interest earned by the trustee between the time he submitted his final report and the time he actually distributed the funds.

2

With respect to the 1996 tax year, the debtor requested and was granted an automatic extension until August 15, 1997, to file his return. The due date of the 1997 return was April 15, 1998.

The present adversary proceeding was commenced on November 6, 2008. It alleges that the IRS improperly applied an $892.00 refund that the debtor was due for tax year 2007 as well as his $300.00 economic stimulus payment to his unpaid 1995 federal income tax liability. The debtor's attempt to resolve the issue through the Taxpayer Advocacy Office of the IRS was unsuccessful, with the IRS taking the position that the 1995 tax had not been discharged.

Discussion

### I. Jurisdiction

This court has subject-matter jurisdiction under 28 U.S.C. §§ 1334(a) and 157(a) and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. Under 28 U.S.C. § 157(b)(2)(I), a determination as to whether a particular debt has been discharged is a core proceeding in which a final judgment or order may be entered by a bankruptcy judge. Venue is proper in this district under 28 U.S.C. § 1409(a). The defendant has been properly served and has appeared generally.

### II. Standard for summary judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Here, the parties do not dispute the facts, and the issues are ripe for summary judgment.

### III. Dischargeability

A discharge under chapter 7 of the Bankruptcy Code discharges a debtor from most kinds of debts that arose before the date of the petition. 11 U.S.C. § 727(b). However, section 523 of the Bankruptcy Code excludes several types of debts from the discharge. Relevant to the present action, a Chapter 7 discharge does not discharge taxes that would be entitled to priority under § 507(a)(8) of the Bankruptcy Code. 11 U.S.C. § 523(a)(1)(A).[2] Such priority taxes include:

> allowed unsecured claims of governmental units, only to the extent that such claims are for—
> > (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition—
> > > (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition[.]

11 U.S.C. § 507(a)(8)(A)(i).

As a result, income taxes for which a return is last due within three years before the filing of a bankruptcy petition are not dischargeable in a Chapter 7 bankruptcy. Here, it is undisputed that the last day for the debtor to file his 1996 and 1997 returns was *more* than three years prior to the filing of the debtor's bankruptcy petition in 2004. However, under the Supreme Court's decision in *Young v. United States*, the three-year lookback period is subject to equitable tolling during the pendency of an intervening bankruptcy case. *Young v. United States*, 535 U.S. 43, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002); *IRS v. Wingfield (In re Wingfield)*, 284 B.R. 787, 790-91 (E.D. Va. 2002). In other words, if a debtor has a prior bankruptcy case, the three-year period

---

[2] The universe of nondischargeable tax claims is not limited to priority tax claims but also includes non-priority taxes for which a return was not filed or was filed within 2 years before the date of the petition or with respect to which the debtor filed a fraudulent return or willfully attempted to evade or defeat the tax. 11 U.S.C. § 523(a)(1)(B) and (C). The IRS does not contend, however, that any of the additional grounds for nondischargeability would apply to the taxes at issue.

will exclude the time during which the prior bankruptcy case was pending, since the IRS is "disabled from protecting its claims during the pendency of [a prior bankruptcy] petition." *Young*, 535 U.S. at 50.

### A. Dischargeability of 1996 tax liability

Given the extension for the debtor to file his 1996 federal income tax return, the return was due on August 15, 1997, and the three-year period would have run on August 15, 2000. However, because the debtor filed the two intervening bankruptcy cases, the three-year period was tolled during pendency of these prior cases under *Young*. The first case, which was filed on November 14, 1997, and discharged on February 20, 1998, tolled the three-year period by 99 days. The second bankruptcy case, which was filed on March 19, 1998, and dismissed on July 16, 2001, tolled the three-year period by an additional 1,216 days. With the running of the three-year period having been tolled by a total of 1,315 days, the period would not have expired until March 22, 2004, approximately six weeks *after* the debtor filed his chapter 7 petition on February 12, 2004. Accordingly, the debtor's liability for unpaid 1996 federal income taxes has not been discharged.

### B. Dischargeability of 1997 tax liability

A similar analysis applies to the 1997 tax claim. The return was due on April 15, 1998, which was during the pendency of the chapter 13 case. Because the tax year ended prior to the filing of the chapter 13 petition, the debtor's federal income tax for that year was a prepetition claim, and its collection was subject to the automatic stay. The literal three years from the due date of the return would have been April 15, 2001. However, under *Young*, the running of that period would have been tolled during the 1,189 days from the due date of the return until the

5

chapter 13 case was dismissed, thereby extending the expiration of the three-year period to July 17, 2004.  The debtor's chapter 7 petition having been filed some five months *prior* the expiration of the extended three-year period, it follows that the 1997 federal income tax liabilities were not discharged.

## C. Dischargeability of 1995 tax claim

Although the court will award summary judgment to the IRS determining that the 1996 and 1997 liabilities have not been discharged, the debtor is nevertheless entitled to relief with respect to the 1995 taxes, since, after all, it was the IRS's collection of those liabilities that triggered the filing of this adversary proceeding.  As noted, the IRS now concedes that the debtor's 1995 federal income taxes were not entitled to priority and were not excluded from discharge.  At oral argument, the IRS also agreed that the payments which had been improperly applied to the debtor's 1995 tax liability would be credited to his 1996 and 1997 unpaid taxes.  These would include the $1,328.00 distribution by the chapter 7 trustee,[3] the $892.00 refund for tax year 2007, and the $300.00 economic stimulus payment.  In addition, the notice of federal tax lien must be amended to eliminate the 1995 tax liability.  Because the debtor remains liable for the 1996 and 1997 taxes, neither a refund of the amounts that have been offset nor a release of the notice of tax lien would be appropriate with respect to those years.

---

[3]  The mere fact that a debt is dischargeable in a particular case does not of course prevent a creditor from receiving a distribution on account of it.  Here, however, no distribution was made by the trustee on general unsecured claims.  The IRS received a distribution from the trustee solely on account of its filed priority claim, which erroneously included the 1995 liabilities.  Thus any distribution received by the IRS in this case may only be applied to the 1996 and 1997 priority taxes that were included in the IRS's proof of claim.

Conclusion

For the reasons stated, the motion for summary judgment will be granted in part and denied in part.[4] The debtor's 1995 tax liability is discharged while his 1996 and 1997 tax liabilities are not discharged. The IRS may continue collection activities with respect to the debtor's unpaid 1996 and 1997 taxes. However, the IRS must amend its notice of federal tax lien and credit to the years that have not been discharged the amounts erroneously applied to the discharged year's liabilities. A separate judgment will be entered consistent with this opinion.

Date: _____             _____
                                          Stephen S. Mitchell
Alexandria, Virginia                      United States Bankruptcy Judge


Copies to:

Dwight H. Collins
4101 Morin Street
Alexandria, VA 22312
Plaintiff *pro se*

Allie C. Yang-Green, Esquire
U.S. Department of Justice, Tax Division
P.O. Box 227, Ben Franklin Station
Washington, DC 20044
Counsel for the defendant

---

[4] Specifically, while the court will enter judgment that the 1996 and 1997 taxes have not been discharged, the court will not "*dismiss* the debtor's adversary proceeding complaint" as the IRS requests, because the debtor, having properly invoked this court's jursidiction, is entitled to a judicial declaration that the 1995 taxes have been discharged.